# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TRAVIS McCALL, | : | |
| | | Case No. 3:12cv00049 |
| Petitioner, | : | |
| | | District Judge Walter Herbert Rice |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | | |
| RANDALL TERRY, | : | |
| | | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.  INTRODUCTION

This case is presently before the Court upon Respondent/Defendant United States of America's Motion to Substitute Party and to Dismiss (Doc. #3). On March 9, 2012, the Court provided notice to *pro se* Petitioner McCall that, pursuant to S.D. Ohio Civ. R. 7.2, he had until April 2, 2012 to file a response to Respondent's Motion to Dismiss. (Doc. #4).  Petitioner was also specifically informed that "if [he] fail[s] to file a timely response to the Motion to Dismiss, [his] claims may be dismissed." (*Id.*).  To date, Petitioner has not filed a response to Respondent's Motion to Dismiss and the time for doing so has expired.

Petitioner Travis McCall initially filed this action in the Common Pleas Court of

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Montgomery County, Ohio, on February 7, 2012. (Doc. #1-1 at 1). On February 16, 2012, Respondent Randall Terry, a Drug Enforcement Administration (DEA) Special Agent, filed a Notice of Removal with this Court "pursuant to 28 U.S.C. § 2679(d)(2) for the removal for trial and disposition" of McCall's Petition. (Doc. #1 at 1).

Petitioner McCall "is a former federal prisoner who was sentenced by this Court to a period of imprisonment in Case No. 3:02cr00042 for drug trafficking crimes pursuant to 21 U.S.C. § 846." (Doc. #3 at 2). On July 11, 2003, United States District Judge Walter Herbert Rice sentenced McCall to a term of imprisonment of 136 months, however, pursuant to an Order of this Court sustaining the United States' Motion for a Reduction of Sentence, the sentence was later reduced to 60 months imprisonment followed by 60 months of supervised release. (*Id.*). McCall's supervised release began on August 20, 2007, and according to the United States "has been marked with problems as indicated by the Report issued by U.S. Probation Officer Melissa Stidham on February 9, 2012." (*Id.*).

Shortly before the Supervised Release Report was issued by Stidham, Petitioner McCall filed a Petition for a Civil Stalking Order against DEA Special Agent Randall Terry. (*Id.*). McCall alleged that he "observed [Terry] at the rear of [his] residence several times," and that Terry also entered his residence. (Doc. #2 at 2).

## II. MOTION TO SUBSTITUTE PARTY

The United States argues it is the proper defendant in this matter because Special Agent Terry was acting within the scope of his employment, and therefore, the exclusive remedy for his allegedly negligent or wrongful act or omission would be under the

2

Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) as amended by 28 U.S.C. §§ 2671-2680 (1988). (Doc. #3 at 3). The United States also argues that "[w]hile Special Agent Terry denies that he engaged in any such activity involving the Petitioner, even if these actions occurred, Special Agent Terry's actions would still be within the scope of his employment . . . ." (Doc. #3 at 5). The United States provided verification from United States Attorney Carter M. Stewart that Terry's actions, if any occurred, were within the scope of his duties as a DEA Special Agent. (Doc. #'s 3, 1-2). The United States contends that "Petitioner must produce sufficient evidence to overcome the Certification that Mr. Terry was not acting in the scope of his employment," and argues that "Mr. McCall cannot produce such evidence . . . ." (*Id.*). As McCall has not responded to the United States' Motion to Substitute Party and Dismiss (Doc. #3), and because there is no evidence before this Court that would indicate Special Agent Terry was not acting within the scope of his employment at the time of the alleged conduct, this Court finds the certification establishes that any of Terry's actions, as described by McCall, were within the scope of his employment as a DEA Special Agent. Based on the foregoing, the United States should be substituted as the party respondent/defendant in this case. *See* 28 U.S.C. § 2679(d)(2) (providing that upon certification, and after removal from State court, "[s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . , and the United States shall be substituted as the party defendant.").

## III. MOTION TO DISMISS

The United States requests this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because "[t]here is no evidence that Mr. McCall ever presented an administrative claim to the DEA prior to instituting this suit." (Doc. #3 at 6). The United States argues, therefore, that "Mr. McCall is not able to avail to himself the limited waiver of sovereign immunity provided for by the FTCA and thus his claims must be dismissed for lack of proper jurisdiction." (*Id.*). Under the FTCA, a claim against the Government must have first been presented "to the appropriate Federal agency and . . . finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). Until a person has exhausted his or her administrative remedies, a claim under the FTCA cannot be brought. *See Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *see also McNeil v. United States*, 508 U.S. 106, 113, S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."). Accordingly, McCall's case must be dismissed as he has failed to show that he has exhausted all available administrative remedies.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The United States' Motion to Substitute Party and to Dismiss (Doc. #3) be GRANTED; and,

2. The case be terminated on the docket of this Court.

April 6, 2012
s/ Sharon L. Ovington<br>Sharon L. Ovington<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).